# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARRYL A. PACKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 06-0665-CG-B** |
| **WARDEN KENNETH JONES** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Plaintiff Darryl A. Packer's

("Packer") "Motion to Take Judicial Notice" (Doc. 45) and "Motion to Set

Aside Judgment and/or Motion to Reopen Case" (Doc. 46). Pursuant to Rule

60(b) and (d) of the Federal Rules of Civil Procedure,[1] Packer moves that the

---

[1] Federal Rule of Civil Procedure 60(b) and (d) provides:

> (b) On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons:
>> (1) mistake, inadvertence, surprise or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence,
>> could not have been discovered in time to move for a new trial
>> under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic),
>> misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it
>> is based on an earlier judgment that has been reversed or
>> vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.
> ...
> (d) This rule does not limit a court's power to:
>> (1) entertain an independent action to relieve a party from a
>> judgment, order or proceeding;

court vacate its order dated August 25, 2011 (Doc. 33) in which the court adopted the report and recommendation of the Magistrate Judge (Doc. 26) and denied Packer's habeas petition (Doc. 1) filed pursuant to 28 U.S.C. § 2254. Upon consideration, the court finds that Packer's motions are due to be denied.

On March 5, 2004, a trial jury in the Circuit Court of Mobile, Alabama, found Packer guilty of rape and burglary. (Doc. 11; Doc. 20, Exhibit F at 48). The trial court sentenced Packer to two consecutive terms of ninety-nine (99) years imprisonment. Id. Following the denial of Packer's claims on direct appeal, he filed a federal habeas petition in this court. (Doc. 1). This court adopted the report and recommendation of the Magistrate Judge and denied Packer federal habeas relief. (Docs. 26, 33). Packer subsequently filed a notice of appeal to the Eleventh Circuit Court of Appeals, and sought a Certificate of Appealability from the District Court. (Docs. 35, 36, 38). This court denied Packer's motion for a Certificate of Appealability and denied him leave to file his appeal in forma pauperis. (Doc. 37). On March 7, 2012, the Eleventh Circuit Court of Appeals denied Packer's motion for a Certificate of Appealability as well. (Doc. 43). The Supreme Court denied Packer's petition for writ of certiorari on December 14, 2012. (Doc. 44). On August 8, 2013, Packer filed the instant motions seeking relief from the August, 25, 2011,

---

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was
not personally notified of the action; or
(3) set aside a judgment or fraud on the court.

Fed.R.Civ.P 60(b) and (d).

judgment denying his federal habeas petition (Doc. 34).


## **DISCUSSION**

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited

basis, for a party to seek relief from a final judgment in a habeas case."

Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). The

Eleventh Circuit has set forth this limited basis follows:

> In Gonzalez v. Crosby, the Supreme Court provided guidance as
> to how prisoner claims under Rule 60 should be construed. 545
> U.S. 524, 531-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480
> (2005). If the motion seeks to add a new ground for relief from
> the underlying judgment of conviction, or otherwise attacks the
> district court's resolution of any original § 2255 claims on the
> merits, then the court should construe the Rule 60 action as a
> second or successive § 2255 motion and dismiss it accordingly.
> Id. By contrast, "when a Rule 60(b) motion attacks, not the
> substance of the federal court's resolution of a claim on the
> merits, but some defect in the integrity of the federal habeas
> proceedings," courts should not treat the Rule 60 action as a
> successive § 2255 motion. Id. at 532-33; 125 S.Ct. at 2648. Such
> actions can "be ruled upon by the District Court without
> precertification." Id. at 538, 125 S.Ct. at 2651. The Gonzalez
> Court specifically identified fraud on the federal habeas court as
> an example of one such permissible Rule 60 claim. Id. at 532 n.
> 5, 125 S.Ct. at 2648.
>
> When a Rule 60 motion is construed as an independent action
> alleging fraud on the court, the movant must establish by clear
> and convincing evidence, among other things, "fraud, accident,
> or mistake which prevented the defendant in the judgment from
> obtaining the benefit of his defense." Travelers Indem. Co. v.
> Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). "[O]nly the most
> egregious misconduct, such as bribery of a judge or members of a
> jury, or the fabrication of evidence by a party in which an
> attorney is implicated, will constitute a fraud on the court."
> Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978).
> An action for fraud on the court should be available only to

> "prevent a grave miscarriage of justice." <u>United States v.</u>
> <u>Beggerly</u>, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32
> (1998). Further, the movant must show an "unconscionable plan
> or scheme" to improperly influence the court's decision. <u>Rozier</u>,
> 573 F.2d at 1338. "Conclusory averments of the existence of
> fraud made on information and belief and unaccompanied by a
> statement of clear and convincing probative facts which support
> such belief do not serve to raise the issue of the existence of
> fraud." <u>Booker v. Dugger</u>, 825 F.2d 281, 284-85 (11th Cir. 1987)
> (quotation omitted).

<u>Galatolo v. U.S.</u>, 394 Fed.Appx. 670, 672 (11th Cir. 2010)(footnote omitted).

Thus, the court must analyze whether each of Packer's claims is, in effect, a habeas claim or an allegation regarding a defect in the integrity of the federal habeas proceedings to ensure subject-matter jurisdiction exists.

Packer claims six grounds of relief in support of his motion. With the exception of Packer's first argument, this court previously considered and rejected these claims.[2] Packer cannot invoke the language of Rule 60 while actually seeking to attack his conviction and sentence. To the extent the court has already addressed these arguments, Packer's Rule 60 motion is considered a successive § 2254 motion. The law requires that such claims be dismissed. 28 U.S.C. § 2244(b)(1)[3].

The only possible ground for relief under Rule 60 is Packer's contention

---

[2] The order adopting the Magistrate Judge's report and recommendation stated that it considered "all portions of this file deemed relevant to the issues raised." (Doc. 33). These files included Packer's original habeas petition and objection to the Magistrate Judge's report and recommendation in which, although not verbatim, the substance of these five arguments were raised. (Doc. 31).

[3] 28 U.S.C. §2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

that the undersigned failed to recuse herself sua sponte from presiding over his federal habeas petition. Specifically, Packer contends that recusal was mandatory because of and alleged familial relation between the undersigned and Lars Granade, who was an attorney for the state in the underlying case, created the appearance of impropriety.

Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This includes when the judge is related to a person "acting as a lawyer in the proceeding" within the third degree. 28 U.S.C. § 455(b)(5). The court first notes that Packer provides no evidence to support the conclusion that Lars Granade and the undersigned are related by blood or marriage other than the fact of a last name in common. Even assuming this to be true[4], however, the undersigned's failure to recuse herself does not warrant relief under Rule 60. There is nothing in the record that indicates Lars Granade played a substantive role in any aspect of the underlying case.[5] Lars Granade is merely listed as one of the attorneys for the state who was present during particular court proceedings. See Doc. 20, Exhibits 1-9. Packer neither elaborates, beyond his conclusory allegations, how the undersigned's failure to recuse herself indicates a need

---

[4] Parenthetically, the undersigned has no relation, by blood, marriage or otherwise, with Lars Granade.

[5] Lars Granade did not file any motions for the state in the case. See Doc. 20, Exhibits 1-9, 11. Nor did Lars Granade examine any witness or make any arguments during Packer's trial. Id. Rather, the record shows that Ashley Rich was the main prosecutor who handled the case. Id.

to correct a clear error or to prevent a grave miscarriage of justice. Thus, Packer is not entitled to any relief under Rule 60.

Packer's Motion to take Judicial Notice requested that the court judicially notice a Supreme Court holding in connection with consideration of his Rule 60 motion. Because the court has found that Packer is not entitled to any relief under Rule 60, and also because a Supreme Court opinion is not a proper "fact" for judicial notice under Federal Rule of Evidence 201(b), that motion is denied.

## CONCLUSION

Based on the foregoing, Packer's motions to take judicial notice and to set aside and/or reopen the case (Docs. 45 & 46) are **DENIED.**

**DONE and ORDERED** this 13th day of November, 2013 .

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE